14-1713-cr
*United States v. Michael Kissi*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fifteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 14-1713-cr

MICHAEL KISSI,

> *Defendant-Appellant*,

TONNY TWUMASI ANKRAH,

> *Defendant*.

---

For Appellee:                           ERIK D. PAULSEN, Assistant United States Attorney
                                        (Susan Corkery, Assistant United States Attorney, *on
                                        the brief*), *for* Loretta E. Lynch, United States Attorney
                                        for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:                YUANCHUNG LEE, Of Counsel, Federal Defenders of
                                        New York, Inc., New York, NY.


        Appeal from the United States District Court for the Eastern District of New York
(Brodie, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-Appellant Michael Kissi appeals a May 13, 2014 judgment of conviction and

sentence entered by the United States District Court for the Eastern District of New York

(Brodie, *J.*). Following a jury trial, Kissi was convicted of and sentenced for one count of

conspiring to possess with intent to distribute one kilogram or more of heroin, and one count of

attempting to possess with intent to distribute one kilogram or more of heroin, both in violation

of 21 U.S.C. §§ 846 & 841(b)(1)(A). The district court sentenced the defendant to, *inter alia*, the

mandatory minimum of 10 years' imprisonment. The defendant now challenges the sufficiency

of the evidence with respect to whether he had the requisite *mens rea* for his conviction. We

assume the parties' familiarity with the underlying facts, procedural history, and issues presented

for review.

        A jury verdict must be upheld if "'*any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" *United States v. Autuori*, 212 F.3d 105, 114

(2d Cir. 2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*)).

"[A] court may enter a judgment of acquittal only if the evidence that the defendant committed

the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (internal quotation marks and alterations omitted). In considering the sufficiency of the evidence, a court must view all of the evidence in the light most favorable to the government. *See United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006). Where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) (internal quotation marks omitted) (alteration in the original).

Viewing all the evidence in the light most favorable to the government, we find that the following evidence was sufficient to establish beyond a reasonable doubt that Kissi participated in the conspiracy with the knowledge that the conspiracy involved a controlled substance and with the specific intent to possess some controlled substance, *see United States v. Davis*, 690 F.3d 127, 131 (2d Cir. 2012): (1) a Maryland co-conspirator contacted Kissi immediately after speaking with Twumasi for the first time and referred to Kissi as his "man," J.A. 382–83; (2) phone records showing that Kissi was in frequent contact with that co-conspirator; (3) when Twumasi told Kissi that Twumasi had not finished "removing the things," referring albeit possibly ambiguously to the drugs, Kissi responded that he "understood," J.A. 383–84; (4) Kissi stood next to Twumasi when Twumasi complained about not being paid; (5) Kissi referred to Sacko as "Chairman" or "Boss," thus showing familiarity with the structure of the conspiracy, J.A. 388; (6) Kissi was concerned that being forced to wait in the hotel lobby while Twumasi spoke to Sacko made him look suspicious; (7) as Kissi was about to take a white trash bag containing fake pellets from Twumasi, Kissi showed awareness that there were a hundred items;

3

(8) Kissi accepted the white trash bag from Twumasi; (9) Kissi was responsible for picking up and then delivering $170,000 worth of drugs, packaged in an unspecified manner, a role which would likely require him to know the nature of the items of which he was to take possession; and (10) the items Kissi brought with him to the meeting with Twumasi included three cell phones, none of which were registered to Kissi, a bag large enough to carry a kilogram of heroin, and two smelly T-shirts and a bottle of liquid deodorant that could have disguised the putrid smell of drug pellets that had just been expelled. While this circumstantial evidence is open to multiple interpretations, viewing all the evidence in the light most favorable to the government, the defendant-appellant has not satisfied his heavy burden of showing that no reasonable jury could find guilt beyond a reasonable doubt.

We have considered all of the defendant-appellant's remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK